IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BARRY ANTEE, et al., on behalf of themselves and all others similarly situated, Plaintiffs, | § § § § | |
| | § | CIVIL ACTION NO. 5:06-CV-89 DF-CMC |
| v. | § § | JURY DEMANDED |
| | § | |
| PILGRIM'S PRIDE CORPORATION, Defendant. | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO PROHIBIT NOTICES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Barry Antee, et al., Plaintiffs on behalf of themselves and all others similarly situated and files this response, as ordered by the Court, to Defendant's Motion to Prohibit Notices and would respectfully show the Court as follows:

1. In an effort to curtail Plaintiffs' and Plaintiffs' counsel's First Amendment rights, Defendant, Pilgrim's Pride Corporation (hereinafter "Pilgrim's") seek to have the Court prevent them from running non-coercive, non-misleading advertising in newspapers where Pilgrim's plants are located. Plaintiffs would show the Court that the ads in question are protected commercial speech and there is no prohibition against such communication which would support the Court entering an order preventing such communication.

2. In many collective actions brought pursuant to 23 U.S.C. §216(b), courts have intervened to control the content and manner in which information is disseminated to potential plaintiffs. Most typically, the courts have had to step in and regulate the nature and extent of communication by employers to employees, which is generally found to be either misleading or

coercive. *Belt v. Emcare, Inc.,* 299 F.Supp.2d 664 (E.D.Tex. 2003). In *Belt*, Judge Davis weighed the First Amendment rights of the defendant against the coercive and misleading nature of the communication to potential plaintiffs in the case. The ads in this case are nothing like the communications in *Belt*.

3. In the case before the Court, Plaintiffs' counsel has chose to publish non-misleading ads in local papers to make potential plaintiffs aware of the possibility that they may have rights which may be asserted, even though the ads do not make reference to this lawsuit. The ads only state that "Pilgrim's Pride has allegedly not been paying their employees properly as required by The Fair Labor Standards Act", which are precisely the allegations in this case. Unlike the assertions in Pilgrim's motion, the ads make no attempt to give any judicial endorsement regarding the merits of the action. The ads do not make any reference to the case at all, much less imply that the Court has given its endorsement to the merits of Plaintiffs' case.

4. As the Court well knows, under the FLSA, individual plaintiffs must each "opt-in" in order to join a "collective action." 29 U.S.C. § 216(b). Thus, until a particular individual is notified and consents to join a collective action, the statute of limitations continues to run for that individual. And given the short two-year time period allowed for back wages under the FLSA, time is of the essence when attempting to find and notify potential plaintiffs in collective actions. 29 U.S.C. § 255. Every day that passes until Employees "opt-in" to this suit is a day's less pay that they can recover from their employer who paid them in violation of the FLSA. See, *Id.* Because the recovery for each potential plaintiff is eroding daily, Plaintiffs are seeking to present non-misleading information to potential claimants. The policy and cases interpreting §216(b) do not prohibit the publication of ads such as those now before the Court.

5.      The motion now before the Court is a blatant attempt on the part of Pilgrim's to limit the ability of potential plaintiffs to opt in to the case. The intent of Pilgrim's is no more apparent than in the statement:

> "To be sure, the advertisement is only an attempt to stir up additional litigation against Pilgrim's Pride and spread notice of this action to those outside the potential class."

6.      Unfortunately, this statement is nonsense. First, the statement that the ads are an attempt to 'stir up *additional* litigation against Pilgrim's Pride' makes no sense. There is no additional litigation, only additional potential claimants against the company. The next statement that the ads are an attempt to spread notice to those *outside* the potential class is a *non-sequitur*. If an opt-in plaintiff cannot demonstrate that they were employed within the applicable time period and in a part of the plant where they were not paid for all hours worked in furtherance of Pilgrim's business, then they cannot recover.

7.      The seminal case of *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 29 Wage & Hour Cas. (BNA) 937, 107 L.Ed.2d 480, 51 Fair Empl.Prac.Cas. (BNA) 853, 52 Empl. Prac. Dec. P 39,479, 58 USLW 4072, cited extensively by Pilgrim's, actually affirmed the District Court's authority to govern the notice process in a 216(b) case. The issue presented to the Supreme Court was "the narrow question whether, in an ADEA action, district courts may *play any role* in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. (emphasis added). The facts of the case were that Richard Sperling, a discharged employee and one of the respondents, filed an age discrimination charge with the Equal Employment Opportunity Commission for himself and all employees similarly situated. With the assistance of counsel, Sperling and some other employees formed a group known as Roche

Age Discriminatees Asking Redress (R.A.D.A.R.). The group mailed a letter, on R.A.D.A.R. letterhead, to some 600 employees whom it had identified as potential members of the protected class. The letter advised that an action would be brought against petitioner under the ADEA and invited the addressees to join the suit by filling out and returning an enclosed consent form, thus fulfilling the statutory requirement of joinder by "consent in writing." The facts surrounding the direct solicitation letters sent in *Hoffmann-LaRoche* were materially different than the situation now before this Court. In the face of the direct solicitation of participants in the ADEA case by R.A.D.A.R., the United States Supreme Court held:

> "The District Court was correct to permit discovery of the names and addresses of the discharged employees. Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were ***no grounds to limit the discovery under the facts and circumstances of this case.***" (emphasis added).

8.     Obviously, the Supreme Court did not have any pause regarding the direct solicitation of potential plaintiffs in *Hoffmann-LaRoche*. The ads now before the Court are non-misleading and non-coercive. They are a perfectly proper method of communication.

9.     All of the cases cited by Pilgrim's in its motion are cases in which the courts were considering whether or not to require the defendant to provide the addresses to the plaintiffs and whether to issue the initial notices to potential plaintiffs. None of these cases held that the court should not require the issuance of notices on the basis of communications by plaintiffs to potential class members.

10.    In the final paragraph, Pilgrim's shows its true colors. It seeks to have the Court either limit the notices to be sent to potential plaintiffs or to truncate the opt-in period. Either of these remedies would certainly be an abuse of this Court's discretion in exercising its oversight over

this litigation.  Pilgrim's have cited the Court to no authority upon which this Court can rely in its attempt to violate Plaintiff's and Plaintiff's counsel's First Amendment rights in the protected commercial speech before the Court. Accordingly, Pilgrim's motion should be summarily denied.

WHEREFORE, Plaintiffs pray that Defendant's Motion to Prohibit Notices be denied and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

\_\_\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Attorney-in-charge
William S. Hommel, Jr., P.C.
3304 S. Broadway, Suite 100
Tyler, Texas 75701
903-596-7100
903-596-7464 Facsimile


\_\_\_\_\_/s/_____
Robert L. Salim
Louisiana Bar No. 11663
1762 Texas St
Natchitoches LA 71457-3429
(318) 352-5999
(318) 352-5998 Facsimile


\_\_\_\_\_/s/_____
A. Craig Eiland
State Bar No. 06502380
2423 Market St. #1
Galveston, Texas 77550-1593
(409) 763-3260
(409) 763-8154 Facsimile

              _____/s/_____
              Philip R. Russ
              State Bar No. 17406000
              2700 South Western #1200
              Amarillo, Texas 79109
              (806) 358-9293
              Fax: (806)358-9296

              *ATTORNEYS FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 13th day of July, 2006.

              _____/s/_____
              William S. Hommel, Jr.